Case 4:20-cv-00135-ALM    Document 4    Filed 02/26/20    Page 1 of 12 PageID #: 34

Filed: 2/18/2020 2:38 PM
Cheryl Fulcher
District Clerk
Hopkins County, Texas
Heather Harrison

CASE NO. CV44296 _____

| | | |
|---|---|---|
| **MARK BENNETT AND TARA BENNETT** <br> *Plaintiffs,* <br><br> v. <br><br> **BAYVIEW LOAN SERVICING, LLC** <br> *Defendant.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | IN THE ~~DISTRICT COURT~~ <br><br> **COUNTY COURT AT LAW** <br><br> ____ ~~JUDICIAL DISTRICT~~ <br><br><br> HOPKINS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, Mark Bennett and Tara Bennett (thereafter referred to as "Plaintiffs") who hereby make and file this their Plaintiff's Original Petition, complaining of and about Bayview Loan Servicing, LLC ("Defendant"), and herein will show the Court as follows:

### I. PARTIES

1. Plaintiff, Mark Bennett is a co-owner of the real property located at 917 Church Street, Sulphur Springs, Texas 75482.

2. Plaintiff, Tara Bennett is a co-owner of the real property located at 917 Church Street, Sulphur Springs, Texas 75482.

3. Defendant, Bayview Loan Servicing LLC is a Foreign Limited Liability Company (LLC) in existence with its corporate headquarters being located at 4425 Ponce De Leon Blvd., 5th Floor, Coral Gables, Florida 33146. It is registered to do business in Texas. Its agent for service of process is: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.

## II.  DISCOVERY CONTROL PLAN

4. Plaintiffs intend to conduct discovery under Level 2 of the Texas Rules of Civil Procedure 190.3.

## III.  JURISDICTION

5. The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this Court as Plaintiffs' seek monetary damages are less than $100,000 and non-monetary relief.

## IV.  VENUE

6. Pursuant to Section 15.002 and 15.011 of the Texas Civil Practice and Remedies Code, Venue is proper in Hopkins County, Texas, because this is a suit involving real property located within Hopkins County, Texas, and all or a substantial part of the events or omissions giving rise to the claim occurred in Hopkins County.

## V.  FACTS

7. Plaintiffs purchased the real property located at 917 Church Street, Hopkins County, Sulphur Springs, Texas 75482 ("Property") on or about December of 2006 as evidenced by their Warranty Deed that was filed for record in Hopkins County, Texas.

8. Plaintiffs signed a promissory note with M&T Bank Mortgage the original mortgagee, in the amount of $58,500.00. The note is secured by that certain deed of trust dated the same date. The Plaintiff's mortgage payments are $563.00 per month.

9. Plaintiffs loan went into default. The Defendant caused forced place hazard insurance to be placed on the real property.

10. On or about December 7, 2017 through no fault of Plaintiffs, the real property caught on fire and was completely burned down. The insurance company investigated the fire

and later paid the Defendants the sum of approximately $66,900.00 on or around January of 2019. The Plaintiffs loan balance, at the time of the fire was approximately $60,000.00. At the time the insurance company tendered payment to the Defendants, the Plaintiffs loan balance was approximately $66,750.00.

11. The Defendants, upon receipt of the insurance proceeds, placed the money in a holding account where it has sent since January of 2019.

12. The Plaintiffs have continually contacted the Defendants requesting that they apply the insurance proceeds to their loan balance so the mortgage can be paid off. Plaintiff complained to Defendant about correcting the errors to his account because his loan balance, interest charges, late fees, were erroneous in light of the insurance payment made to pay the loan. However, the Defendants refused to apply the monies to their account and instead have held the funds to the detriment of the Plaintiffs. During the time that Defendants have held the funds, the Defendants have continued to misreport missed payments and derogatory credit to the major credit bureaus which has harmed the Plaintiffs reputation, damaged their credit, and caused them financial harm. Furthermore, the Defendants have benefited from the large insurance payment, while continuing to charge the Plaintiffs for unpaid interest, fees, charges, and foreclosure costs.

13. The Defendant has refused to provide any statements or correspondence during the past two (2) years.

## VI. **CAUSES OF ACTION**

14. Plaintiffs contend the Defendant is liable under the Consumer Finance Protection Bureau (CFPB) regulations under 12 C.F.R. § 1024.35, 1024.41, 1026, 1026.41, 2605 and 2609, made actionable under RESPA.

15. The CFPB was given primary regulatory authority to implement the Truth in Lending Act and the Real Estate Settlement Procedures Act (RESPA). Under this authority, the CFPB issues mortgage servicing and origination rules promulgated under Regulation Z and Regulation X, respectively. These rules, and particularly the versions of them that became effective January 2014, are often the source of litigation between borrowers and lenders, as is the case herein.

### Count 1 (stackable) - Failure to Provide Periodic Statements

16. In the alternative and/or in addition to, Plaintiff contends Defendant is liable for failing to provide periodic statements from January 1, 2017 through the present date.

17. The basic requirements for periodic statements can be found in 15 U.S.C. § 1638(f), and the CFPB has issued requirements in greater detail in 12 C.F.R. § 1026.41. The most general requirement is that the creditor, assignee, or servicer of any residential mortgage loan must send the consumer a periodic statement each billing cycle setting forth particular information in a conspicuous and prominent manner. All the required information is listed within 15 U.S.C. § 1638(f), but included in the requirements are the following: the amount of the principal obligation, the current interest rate, a description of late payment fees, and a telephone number and email address that the obligor can use to obtain information regarding the loan.

18. The periodic statement requirement is actionable pursuant to 15 U.S.C. § 1640(a)(2)(A)(iv), with statutory damages of no less than $400 and no more than $4,000. Furthermore, violations are stackable. Plaintiff contends that Defendant is liable for neglecting to send periodic statements for multiple months in a row, each violation is therefore actionable.

## Count 2 - Failure to Correct Errors

19. In the alternative and/or in addition to, Plaintiffs contend Defendant is liable for failing to correct errors. Plaintiffs contend they provided Defendant with notice of errors pursuant to 12 C.F.R. § 1024.35. Section 1024.35 enumerated the following applicable ERRORS that are relevant to the case at bar - failure to:

> * Provide an accurate payoff balance (within seven days) 12 C.F.R. 1026.36(c)(3)

> * A servicer must respond to a notice by "(B) Conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reasons or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance." See 12 C.F.R. § 1024.35(e)(1)(i).

> * Moving forward with foreclosure in violation of new loss mitigation rules, pursuant to 12 C.F.R. § 1024.41.

20. Plaintiffs are entitled to damages for Defendant's failure to correct errors and moving forward with foreclosure pursuant to 12 C.F.R. § 1024.41 and 12 U.S.C. 2605.

21. Plaintiffs contends they are entitled to damages because the Defendant failed to comply with the Real Estate Settlement Procedures Act (RESPA) and is therefore entitled to damages.

> If the servicer fails to take one of the required actions within the time limit, under RESPA a borrower may recover:
>
> * any actual damages suffered by the borrower

> \* if there is a pattern or practice of servicer noncompliance, additional damages not to exceed $2,000, and
>
> \* attorneys' fees and costs. 12 U.S.C. §§ 2605[f][1], 2605[f][3].
>
> The statute of limitations for violations is three years. 12 U.S.C. § 2614.

22. Plaintiffs will provide evidence that demonstrates a material issue of fact regarding errors contained in the accounting of his loan. Plaintiff had an absolute right to a fair and accurate accounting of her mortgage loan and she was deprived of this right. The deprivation of this right could cost Plaintiff to lose the entire investment she had in the home which is estimated at least $50,746.32 or an amount to be proved at trial, inclusive of purchase closing costs and payments made.

## VII. UNJUST ENRICHMENT

23. Plaintiffs herein incorporates by reference all the facts as stated in paragraphs numbered 6 - 8 above to assert the equitable theory of recovery for unjust enrichment, contending that Defendant has received a benefit by retaining surplus foreclosure funds that belong to the Plaintiffs.

24. Unjust enrichment is an equitable theory of recovery holding that one who receives benefits unjustly should make restitution for those benefits, and is not dependent on the existence of a wrong. *Bransom v. Standard Hardware, Inc.*, 874 S.W.2d 919, 927 (Tex. App.-- Fort Worth 1994, writ denied). A person is unjustly enriched when he obtains a "benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992). It occurs when a person sought to be charged has

wrongfully secured a benefit or has passively received a benefit which would be unconscionable to retain. *City of Corpus v. S.S. Smith & Sons Masonry, Inc.*, 736 S.W.2d 247, 250 (Tex. App.--Corpus Christi 1987, writ denied). Unjust enrichment characterizes the result or failure to make restitution of benefits received under such circumstances as to give rise to implied or quasi-contract to repay. *Allen v. Berrey*, 645 S.W.2d 550, 553 (Tex. App.--San Antonio 1982, writ ref'd n.r.e.).

## VIII. UNFAIR DEBT COLLECTION PRACTICES

25. The Defendant is a debt collector.

26. The Defendant committed a wrongful act in violation of the Texas Debt Collection Act in violation of Texas Fin. Code § 392.303 and/or § 392.304 for sending notices of past due payments and foreclosure notices when Plaintiffs loan was paid off with the insurance proceeds.

27. The wrongful act was committed against the Plaintiffs.

28. Plaintiff was injured as a result of the Defendant's wrongful act and hereby incorporate by reference all the damages as stated in the facts above.

## IX. VICARIOUS LIABILITY - AGENCY

29. At the time of the proposed foreclosure, M&T Bank had intentionally granted Bayview and/or its counsel the authority to act on its behalf. Or, at the time of the loan servicing M&T Bank had intentionally allowed Bayview and/or its counsel to believe that they had authority to act on its behalf. Or, at the time of the servicing, M&T Bank had, through the lack of due care, allowed Bayview and/or its counsel to believe that actions taken on behalf of them were authorized.

30. At the time of the acts or omissions stated herein giving rise to this lawsuit, Bayview and/or its counsel was acting within the scope of the authority granted to it by M&T Bank.

## X. VICARIOUS LIABILITY - APPARENT AGENCY

31. At the time of the servicing, M&T Bank affirmatively held Bayview and/or its counsel out as having the authority to act on each of their behalf. Or, at the time of the servicing, M&T Bank knowingly permitted the appearance that Bayview and/or its counsel was authorized to act on its behalf. Or, at the time of the servicing, M&T Bank acted with such a lack of ordinary care as to clothe Bayview and/or its counsel with the indicia of authority to act on its behalf.

32. Bayview's conduct caused Plaintiffs to reasonably believe that Bayview and/or its counsel had authority to act on behalf of M&T Bank.

33. Plaintiffs justifiably relied on Bayview and/or its counsels authority to act on behalf of it.

## XI. DECLARATORY JUDGMENT

34. The Plaintiffs hereby incorporate all the facts and seeks the declarations stated herein to show that Plaintiffs are entitled to declaratory relief under the Texas Civil Practices and Remedies Code. Plaintiffs seek declaratory relief from this Court because a justiciable controversy exists between the Plaintiffs and Defendant, and a judgment from this Court will terminate the controversy. T.C.P.R.C. § 37.007. Plaintiffs seek a declaration as to the correct pay off of the Plaintiff's mortgage account as of the date the insurance payment was tendered to the Defendant or for such other date as they were entitled to under the law and/or the parties agreements.

## XII - DEFAMATION - 24 COUNTS

35. Plaintiff hereby incorporates by reference the facts pled in paragraph 7-13 above to show that Defendant published multiple statements by written communication asserting as facts the statements incorporated which are all false statements.

36. Defendant's statements involve consumer credit reporting.

37. Defendant's statements were defamatory because it unambiguously were made to third party credit bureaus knowing they were false statements.

38. In the alternative and/or in addition to, Defendant's written statements were libel per se as defined by Texas Civil Practice and Remedies Code section 73.001. Defendant's statements injured Plaintiff's reputation and exposed Plaintiffs to public hatred, contempt, ridicule, or financial injury; and/or impeached Plaintiff's honesty, integrity, virtue, or reputation.

39. In the alternative and/or in addition to, Defendant's written statements were defamatory per se under the common law. Defendant's statements injured Plaintiffs in Plaintiff's ability to obtain credit.

40. Defendant is strictly liable to the Plaintiffs for all of the defamation.

41. Defendant's false statements caused injury to Plaintiffs, which resulted in the following damages: loss of credit services

42. Defendant's false statements were defamatory per se, which entitles Plaintiffs to a presumption of general damages.

43. In the alternative and/or in addition to, Defendant's false statements resulted in special damages as identified in the paragraphs above and hereby incorporated by reference.

44. Plaintiffs seek unliquidated damages within the jurisdictional limits of this Court.

45. <u>Exemplary damages</u>. Plaintiff's injuries resulted from Defendant's malice, which entitles Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

### XIII. USURY

46. In the alternative and/or in addition to the other causes of action, Defendant is liable to the Plaintiffs for usury.

47. Defendant loaned money to the Plaintiff when it refinanced the underlying debt.

48. The Plaintiffs had/has an obligation to repay the principal amount of Defendant's loan when it signed the promissory note and loan documents.

49. Defendant received interest that exceeded the maximum allowed by law because the Defendants have been charging interest while the loan payment is paid off. This is over the legal limit and/or violations of federal and/or state law.

50. Defendant's unlawful conduct caused injury to the Plaintiff, which resulted in the following damages: usurious interest charges, benefit-of-the-bargain damages, statutory damages and penalties, out-of-pocket, lost profits, damages to plaintiffs' credit reputation, expectancy – loss of financing, actual damages, loss of goodwill, exemplary damages, prejudgment interest – common law, pre-judgment interest – statutory or contract, postjudgment interest and attorney fees.

51. The Plaintiffs seek unliquidated damages within the jurisdictional limits of this Court.

52. <u>Statutory penalties</u>. The Plaintiffs are entitled to recover statutory penalties under Texas Finance Code.

53. <u>Attorney fees</u>. The Plaintiffs are entitled to recovery reasonable attorney fees under Texas Finance Code.

54. <u>Injunctive relief</u>. The Plaintiffs seek an injunction to have the lien encumbering the real property removed from the real property records, the debt or lien forfeited, and such other relief consistent with the pleadings.

## XIV. RETRACTION REQUEST

55. In accordance with Tex. Civ. Prac. & Rem. Code Section 73.055, requests is hereby demanded that the derogatory credit information that you are reporting to the three (3) major credit bureaus: Experian, Equifax and TransUnion be retracted and deleted immediately. Failure to delete the information will result in you being liable for exemplary damages if you do not correct the false information within ninety (90) days of this notice. The derogatory credit information is the late payments, loan balances and negative credit reporting associated with my mortgage loan for the real property identified herein.

## XV. JURY DEMAMD

56. Plaintiffs demand a jury trial.

## XVI. PRAYER

57. WHEREFORE, PREMISES CONSIDERED, Plaintiffs asks this Court to be awarded a judgment against Defendants for the following:

    a. Declarations consistent with the pleadings.

    b. Retraction of derogatory credit.

Case 4:20-cv-00135-ALM Document 4 Filed 02/26/20 Page 15 of 21 PageID #: 45

    b.    Actual damages.

    c.    Reliance damages.

    d.    Treble or Exemplary or Punitive damages.

    e.    Prejudgment and postjudgment interest.

    f.    Court costs.

    g.    Attorney fees.

    h.    Statutory damages.

    i.    Such other and further relief to which Plaintiffs may show themselves justly entitled to receive by the Court.

Respectfully Submitted,

NORCROSS LAW
9288 Wichita Trail
Frisco, Texas 75033
Tel.   214-368-9300
Fax.   877-846-3149
chad.norcross@norcrosslaw.com

By: <u>/s/ Chad A. Norcross</u>
     Chad A. Norcross
     Texas Bar No. 24039513

     Attorney for Plaintiff